Lin v. Holder

BIA
Videla, IJ
A094 798 132

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand thirteen.

PRESENT:
> ROSEMARY S. POOLER,
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

YOU KUN LIN, AKA LIN YOU KUN,
> *Petitioner,*

> v.                                      10-1617
>                                         NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, UNITED STATES
DEPARTMENT OF HOMELAND SECURITY, BOARD
OF IMMIGRATION APPEALS,
> *Respondents.*

_____

FOR PETITIONER:          You Kun Lin, *pro se*, New York, NY.

FOR RESPONDENTS:         Tony West, Assistant Attorney
                         General; Shelley R. Goad, Assistant
                         Director; Katharine E. Clark, Trial

**Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner You Kun Lin, a native and citizen of the People's Republic of China, seeks review of a March 29, 2010, decision of the BIA affirming the August 5, 2008, decision of Immigration Judge ("IJ") Gabriel C. Videla, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re You Kun Lin*, No. A094 798 132 (B.I.A. Mar. 29, 2010), *aff'g* No. A094 798 132 (Immig. Ct. N.Y. City Aug. 5, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications governed by the REAL ID

Act, such as the application in this case, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the IJ's adverse credibility determination. In finding Lin not credible, the IJ reasonably relied in part on the omission from both his asylum application and his uncle's letter that family planning officials beat him on account of his resistance to China's family planning policy. Although, in summarizing the IJ's findings, the BIA appears to have misinterpreted the IJ's decision as indicating that Lin answered in the "negative [a] . . . question in his asylum application (Form I-589), as to whether he had ever been beaten or physically mistreated by anyone in China," it would be futile to remand for the BIA to correct this erroneous interpretation of the IJ's omission finding. The IJ's underlying finding did not contain the same error, and we can confidently predict that the BIA, after correcting its misstatement, would again

3

conclude that the IJ's adverse credibility determination, including his omission finding, was not clearly erroneous. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008).

Furthermore, a reasonable fact finder would not be compelled to credit Lin's explanations for the omissions from his asylum application and his uncle's letter. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). The IJ also did not err in noting that Lin had "incentive to embellish his claim" to include the omitted physical altercation with family planning officials because, after he filed his asylum application, but before his merits hearing, we issued our decision in *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007), under which Lin was no longer *per se* eligible for relief solely based on his wife's forced abortion.

Having questioned Lin's credibility, the IJ reasonably relied further on Lin's failure to provide evidence corroborating his claim that he suffered economic harm rising to the level of persecution when family planning officials purportedly closed his store. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). In addition, contrary to Lin's contention, the IJ was not required to first identify the particular pieces of missing, relevant

4

evidence, and show that this evidence was reasonably available before relying on a lack of corroboration to support the adverse credibility finding. *See Maladho Djehe Diallo v. Gonzales*, 445 F.3d 624, 633-34 (2d Cir. 2006). Nevertheless, in this case, the IJ identified the missing corroborating evidence and explained why it was reasonably available. Accordingly, because substantial evidence supports the IJ's determination that Lin was not credible as to his claims of past persecution, the agency did not err in denying him asylum or withholding of removal to that extent.

Lin does not challenge in his brief the agency's determination that he failed to demonstrate his eligibility for relief based on a well-founded fear of future persecution or a likelihood of torture. However, even liberally construing Lin's *pro se* brief as raising such a challenge, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), we conclude that the agency did not err in deeming speculative Lin's claimed fear of forced sterilization based on his desire to have more than one child in the future. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that "[i]n the absence of solid support in the record for [an applicant's] assertion that he will be [persecuted], his fear is speculative at

5

best"); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 159-62 (2d Cir. 2008) (finding no error in the BIA's conclusion that evidence of country conditions did not demonstrate that a petitioner from Fujian Province with two children born in China had an objectively reasonably fear of forced sterilization).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6